**LAW OFFICE OF ROBERT A. TANDY, LLC**
Robert A. Tandy, Esq.
Mack-Cali Corporate Center
50 Tice Boulevard, Suite 363
Woodcliff Lake, New Jersey 07677
(201) 474-7103
(201) 474-7101 (facsimile)
rtandy@tandylaw.com
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD HUNTER<br><br>Plaintiff,<br><br>vs.<br><br>Z P ASSOCIATES, LLC d/b/a SUBWAY; SUBWAY; MITUL AHMED; ABC Corporation (1-20); XYZ Corporation (1-20); John Does (1-10); Jane Does (1-10)<br><br>Defendants. | CIVIL ACTION No:<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff, Richard Hunter, by way of Complaint against Defendants Z P Associates, LLC d/b/a Subway; Subway; Mitmul Ahmed; ABC Corporation (1-20) fictitious parties, XYZ Corporation (1-20) fictitious parties, John Does (1-10) fictitious parties, and Jane Does (1-10) fictitious parties, respectfully alleges and say as follows:

1

## JURISDICTION

1. This Court has jurisdiction over the subject matter of this action pursuant to §§ 1331, 1343 and 1367; and venue is properly set in the United States District Court, Newark Vicenage pursuant to 28 U.S.C. §1391.

2. Plaintiff invokes the pendent jurisdiction of this Court to consider claims arising under State law.

3. The causes of action alleged herein arise from factual allegations occurring in this judicial jurisdiction.

## PARTIES

4. Plaintiff, Richard Hunter, was at all relevant times herein, a resident of the State of New Jersey, who has since moved to the State of Oregon, and was an attempted user of a place of public accommodation, to wit, the Subway Restaurant located at 675 River Street, Paterson, New Jersey.

5. Defendant, Z P Associates, LLC d/b/a Subway is, upon information and belief, a corporation located in the State of New Jersey

6. Defendant Subway

7. Defendant, Mitul Ahmed, is, upon information and belief, an individual resident of the State of New Jersey and manager/employee of Defendant Subway.

## FACTS

8. Beginning on or about March 15, 2011, dogs were recognized as "service animals" under titles II and III of the ADA.

9. A service animal is a dog that is individually trained to do work or perform tasks for a person with a disability. For example, calming a person who suffers from Post-Traumatic Stress Disorder (PTSD).

10. Service animals are working animals not pets.

11. The work service animals perform is directly related to a person's disability.

12. Defendant Subway's own policies provide in part: "All SUBWAY® restaurants are in compliance with disability and accommodation requirements specified by the Americans with Disabilities Act (ADA). For more information about ADA guidelines, visit www.ada.gov."

13. In fact, Defendants maintained a sign on the outside of its Subway Restaurant located at the Subway store that provides as follows: "NEED SPECIAL ASSISTANCE, JUST ASK, WE'LL HELP! **Service Animals are Welcome**". (Emphasis added).

14. Plaintiff is a disabled American Veteran of the United States Army.

15. Plaintiff was Honorably Discharged from the United States Army; and, in or around August 2011, Plaintiff was deemed 100% service connected disabled.

16. Plaintiff has been diagnosed with and treated for suffering from extreme PTSD.

17. Between April 2013 and July 2014, Plaintiff treated at the VA Hospital in East Orange, New Jersey.

18. On or about July 12, 2014, Plaintiff obtained "Bonner," a German Sheppard and certified service animal through the Dogs for Warriors project.

19. On or about Saturday, August 23, 2014, at or around 10:30 am – 11:00 am, Plaintiff entered the Subway Restaurant with his son, his son's co-worker and Bonner, his service animal.

20. Immediately upon entering the store, an employee of Subway, later discovered to be the store manager, Mitul Ahmed, advised Plaintiff to exit the store.

21. Specifically, Defendant Ahmed said "You can't have that dog in here. He has to go."

22. Plaintiff immediately advised Defendant Ahmed that Bonner was a service animal. The Manager said "I don't care. I know the law. You can't have him in here. I will call the police."

23. Plaintiff then attempted to order a sandwich, to it, Defendant Ahmed refused service to him.

24. Being humiliated in front of six (6) other store patrons and trying to calm down and avoid a confrontation, Plaintiff exited the store.

25. Upon exiting the store, he observed Subway's "Service Animals are welcome" sign.

## FIRST CAUSE OF ACTION
## (Americans with Disabilities Act)

26. Plaintiff incorporates by reference the foregoing allegations as though fully set forth herein.

27. Title III of the Americans with Disabilities Act prohibits discrimination on the basis of disability by owners, operators, lessees, and lessors of places of public accommodation. 42 U.S.C. § 12182(a).

28. Places of public accommodation must permit service animals to accompany people with disabilities in all areas where members of the public are allowed to go.

4

29. Service animals must be harnessed, leashed or tethered unless these devices interfere with the service animal's work or the individual's disability prevents using these devices.

30. Places of public accommodation's staff may only inquire as to 1) is the dog a service animal required because of a disability, and 2) what work or task has the dog been trained to perform.

31. Staff may not inquire as to the person's disability, require medical documentation, require a special identification card or training documentation for the dog, or ask that the dog demonstrate its ability to perform the work or task.

32. Fear of dogs is not a valid reason for denying access or refusing service to people using service animals.

33. A person with a disability cannot be asked to remove his service animal from the premises unless: (1) the dog is out of control and the handler does not take effective action to control it or (2) the dog is not housebroken.

34. Establishments that sell or prepare food must allow service animals in public areas even if state or local health codes prohibit animals on the premises.

35. Persons with disabilities who use service animals cannot be isolated from other patrons or treated less favorably than other persons.

36. Defendants denied Plaintiff access to its premises and service while he had a service animal.

37. As a direct and proximate result of the above conduct, Plaintiff suffered and continues to suffer disruption of his family life; physical and mental pain; emotional trauma and distress; pain and suffering; and other irreparable harm.

**WHEREFORE**, Plaintiff, Richard Hunter, prays for judgment against Defendants, jointly and severally, as follows:

A. For money damages for all economic losses including, but not limited to, lost, past and future salary and fringe benefits;

B. For compensatory damages;

C. For punitive damages;

D. For emotional distress damages;

E. For physical manifestations of pain and suffering;

F. For attorneys' fees and costs of this action;

G. For interest at the maximum legal rate on all sums awarded;

H. For Consequential damages; and

I. For such other and further relief as the Court deems just and proper.

## SECOND CAUSE OF ACTION

### (NEW JERSEY LAW AGAINST DISCRIMINATION)

38. Plaintiff incorporates by reference the foregoing allegations as though fully set forth herein.

39. For the reasons set forth above, the LAD has been distinctly violated in the following manner:

   a. Discrimination in a place of public accommodation; and

   b. violation of *NJAC 3:13-4.3,* enabling the LAD.

40. Each of these violations occurred because of Plaintiff's handicap and/or perceptions.

6

41. As a direct and proximate result of the above conduct, Plaintiff suffered and continues to suffer disruption of his family life; physical and mental pain; emotional trauma and distress; pain and suffering; and other irreparable harm.

**WHEREFORE**, Plaintiff, Richard Hunter, prays for judgment against Defendants, jointly and severally, as follows:

A. For money damages for all economic losses including, but not limited to, lost, past and future salary and fringe benefits;

B. For compensatory damages;

C. For punitive damages;

D. For emotional distress damages;

E. For physical manifestations of pain and suffering;

F. For attorneys' fees and costs of this action;

G. For interest at the maximum legal rate on all sums awarded;

H. For Consequential damages; and

I. For such other and further relief as the Court deems just and proper.

7

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

Dated: February 2, 2016　　　　　　　　**LAW OFFICE OF ROBERT A. TANDY, LLC**

　　　　　　　　　　　　　　　　　　　　*s/ Robert A. Tandy*

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　Robert A. Tandy, Esq. (0387)
　　　　　　　　　　　　　　　　　　　　Mack-Cali Corporate Center
　　　　　　　　　　　　　　　　　　　　50 Tice Boulevard, Suite 363
　　　　　　　　　　　　　　　　　　　　Woodcliff Lake, New Jersey 07677
　　　　　　　　　　　　　　　　　　　　(201) 474-7103
　　　　　　　　　　　　　　　　　　　　(201) 474-7101 (facsimile)
　　　　　　　　　　　　　　　　　　　　rtandy@tandylaw.com
　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff*

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

Plaintiffs, by their attorneys certify that to the best of their knowledge, the matter in controversy is not related to any other action. Plaintiff is not currently aware of any other party who should be joined in this action.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: February 2, 2016　　　　　　　　**LAW OFFICE OF ROBERT A. TANDY, LLC**

　　　　　　　　　　　　　　　　　　　　*/s/ Robert A. Tandy*

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　Robert A. Tandy, Esq.
　　　　　　　　　　　　　　　　　　　　Mack-Cali Corporate Center
　　　　　　　　　　　　　　　　　　　　50 Tice Boulevard, Suite 363
　　　　　　　　　　　　　　　　　　　　Woodcliff Lake, New Jersey 07677
　　　　　　　　　　　　　　　　　　　　(201) 474-7103
　　　　　　　　　　　　　　　　　　　　(201) 474-7101 (facsimile)
　　　　　　　　　　　　　　　　　　　　rtandy@tandylaw.com
　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff*